No. 18,032.

FRANCES L. WYATT v. TRUMAN B. BUCHANAN, AS BUCK REALTY CO., ET AL.
(312 P. [2d] 510)

Decided June 17, 1957.

Mr. FRANK A. BRUNO, for plaintiff in error.

Messrs. SCHAETZEL & SCHAETZEL, for defendants in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are aligned here as in the trial court, where plaintiff in error was plaintiff and defendants in error, with the exception of Jerry Lambatos, were defendants. Jerry Lambatos was an intervenor in the action below.

In essence the suit was to recover $500.00 admittedly paid by plaintiff to defendants, business chance brokers, as agents for the owner of a certain dress shop in Denver. It is admitted that a writing acknowledging receipt of the five hundred dollars was executed by Buck Realty Co., agent, dated March 27, 1954, and signed by plaintiff; said sum was described "as deposit on account of the purchase price of" the dress shop, and stock in trade, owned by Lambatos. The total purchase price was specified as $6,500.00. The writing provided that "In the event the seller [Lambatos] fails to approve

this instrument in writing within Two (2) days from date hereof * * * the payments made hereunder shall be returned forthwith * * *." It also provided that "* * * if any payment or any other condition hereof is not made, tendered or performed by purchaser as herein provided then this contract shall be void and of no effect, and all parties hereto released from all obligations hereunder, provided, however, that in event of such forfeiture all payments made hereon shall be retained by the undersigned agent [Buck Realty Co.] as liquidated damages." Finally provided that "Upon approval hereof by the seller, this agreement shall become a contract between seller and purchaser * * *." Jerry Lambatos, the seller, approved the contract by affixing his signature thereto on March 29, 1954.

It is the contention of plaintiff that prior to the approval of the contract by the seller, she advised the broker that she did not intend to complete the purchase and demanded a return of her deposit. There was evidence from which the trial court could find that the document was approved by the owner within the two-day limit specified. Plaintiff appears to have abandoned that ground at the trial and now contends that the so-called contract was void for claimed indefiniteness.

Trial was to the court resulting in a judgment in favor of defendants and plaintiff is here on writ of error. The trial judge in his findings said "The plaintiff has not established the right to any of the relief prayed for in the complaint by the evidence. The evidence is overwhelming that the deposit should belong to the defendants and should not be returned to the plaintiff. I find the issues joined in favor of the defendants and against the plaintiff."

The issue presented by the pleadings was one of fact, resolved against plaintiff by the trial court, and there is ample competent evidence in the record to sustain the finding so made. We observe no prejudicial

error in the record before us and the judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.